IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:08CV586-RJC-DSC

| | |
|---|---|
| LOGAN M. RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| ADVANCE EMPLOYMENT ) | |
| SERVICES, INC., NISH PATEL, ) | |
| and NIRMAL, INC., d/b/a ) | |
| GLOBAL CONSTRUCTION, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant Advanced Employment Services, Inc.'s "Motion for Dismissal" (document # 10) filed February 13, 2009; the Defendants Nish Patel and Nirmal Inc.'s "Motion ... to Dismiss ..." (document #11) filed February 20, 2009; and the Plaintiff's "Response [and] ... Motion for Leave to Amend Complaint ..." (document #16) filed March 9, 2009.

This matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will grant the Plaintiff's Motion for Leave to Amend Complaint, and will respectfully recommend that the Defendants' Motions to Dismiss be denied as moot, as discussed below.

On January 23, 2009, the formerly pro se Plaintiff submitted a letter requesting court-appointed counsel which the Clerk docketed as a Motion to Appoint Counsel. Document #4. The

Plaintiff has now retained counsel.  See "Notice of Appearance" filed by Vicki B. Rowan on March 5, 2009 (document #14).  Accordingly, the Plaintiff's Motion to Appoint Counsel will be denied as moot.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On December 19, 2008, Plaintiff Logan M. Rankin and her mother Monica Rankin, the Plaintiff in companion case, NCWD File No. 3:08CV587, filed nearly identical pro se Complaints against the Defendants.  In each case, the heart of the Complaint is that the Rankins were hired by Defendant Advance Employment Services, Inc., a temporary employment agency, and were sent to perform cleaning services at Defendant Nirmal, Inc.   The Plaintiffs allege that they were subjected to sexual harassment, including unwelcome touching and sexual propositions, by their supervisor Terry R. Ames. They further allege that Ames  threatened them by brandishing a knife.  The Plaintiffs contend that when they rejected Mr. Ames' advances, they were terminated.  Despite alleging facts that, if proven, would support claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et. seq., and state common law, the pro se Complaints contain only a single claim under 42 U.S.C. § 1985 for conspiracy to deprive the Rankins of their civil rights.

As noted above, the Defendants have moved to dismiss Plaintiff Logan Rankin's Complaint and have also moved to dismiss Monica Rankin's Complaint.   In response, the Rankins, who are now represented by counsel, filed Motions to Amend their Complaints to formally plead Title VII and state common law claims.[1]

---

[1] In her "Response [and] ... Motion for Leave to Amend Complaint ..." (document #16), the Plaintiff also requests that the two actions be consolidated.  The question of consolidation is typically addressed by the presiding District Judge (in this case, the Honorable Robert J. Conrad, Jr.) and the undersigned directs the Plaintiff, if she still wishes to pursue consolidation, to file a formal Motion to that effect.

On March 31, 2009, Plaintiff Monica Rankin's Motion to Amend was granted by the Honorable David C. Keesler. See Document #20 at 3, NCWD File No. 3:08CV587. Judge Keesler has directed Plaintiff Monica Rankin to file her Amended Complaint on or before June 1, 2009. Id.

As Judge Keesler has stated:

> Rule 15(a)(2) of the Federal Rules of Civil Procedures provides that leave to amend should be given freely when "justice so requires".... The [formerly] pro se Plaintiff asks for [a] "chance to rewrite the complaint" regarding her claims of hostile work environment and sexual harassment by a supervisor at her place of employment. This request is reasonable.... Given that this case is in its early stages, given that the Plaintiff has [recently] obtained counsel, and given that no discovery has taken place yet in this case, [she] will, in the interests of justice, be given leave to amend her complaint.

Id. at 2, citing Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) ("What might be a meritorious claim on the part of a pro se litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate [her] cause of action."). For the same reasons, the undersigned will grant Plaintiff Logan Rankin's Motion for Leave to Amend.

Moreover, it is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Accord Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motions for more definite statement, to dismiss first amended complaint, and for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); and Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

Therefore, because the Plaintiff has been granted leave to file an Amended Complaint which will supersede the present Complaint, the undersigned will respectfully recommend that the Defendants' Motions to Dismiss that pleading be denied as moot.

### III. ORDER

**IT IS HEREBY ORDERED** that

1. The Plaintiff's "Motion for Leave to Amend Complaint" (document #16) is **GRANTED**, and the Plaintiff shall filed her Amended Complaint on or before June 1, 2009.

2. The Plaintiff's **"**Motion to Appoint Counsel" (document #4**)** is **DENIED AS MOOT**.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant Advanced Employment Services, Inc.'s "Motion for Dismissal" (document # 10) and the Defendants Nish Patel and Nirmal Inc.'s "Motion to Dismiss" (document #11) be **DENIED AS MOOT WITHOUT PREJUDICE** to the Defendants' right to raise the same or any other issues in a dispositive motion against the Amended Complaint.

### V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with

4

the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED.**

Signed: April 13, 2009

David S. Cayer
United States Magistrate Judge