IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

CIVIL CASE NO. 3:08cv586
CONSOLIDATED -- LEAD CASE

| | |
|---|---|
| LOGAN M. RANKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ADVANCED EMPLOYMENT SERVICES, INC.; NISH PATEL; and NIRMAL, INC., d/b/a GLOBAL CONSTRUCTION, INC., | ) |
| | ) |
| Defendants. | ) **O R D E R** |
| | ) |
| MONICA RANKIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ADVANCED EMPLOYMENT SERVICES, INC.; NISH PATEL; and NIRMAL, INC., d/b/a GLOBAL CONSTRUCTION, INC., | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the Motion of Defendant Advanced Employment Services, Inc. for Dismissal [Doc. 22] and the Motion

of Defendants Nish Patel and Nirmal, Inc. to Dismiss Plaintiff's Complaint [Doc. 23].

I. **PROCEDURAL AND FACTUAL BACKGROUND**

On December 19, 2008, the Plaintiffs Logan M. Rankin and her mother Monica Rankin filed nearly identical *pro se* Complaints against the Defendants. [Civil Action No. 3:08cv586, Doc. 1; Civil Action No. 3:08cv587, Doc. 1]. Both Plaintiffs allege that they were hired by the Defendant Advanced Employment Services, Inc. ("Advanced Employment Services"), a temporary employment agency, and were sent to perform cleaning services at the Defendant Nirmal, Inc. d/b/a Global Construction, Inc. ("Nirmal"). The Plaintiffs further allege that while at the Nirmal site, they were subjected to sexual harassment and threats by their supervisor, whom they identify as "Terri." The Plaintiffs allege that when they complained about their supervisor's conduct, they were terminated. Despite appearing to assert claims for sexual harassment, which would be actionable under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., both *pro se* Complaints, which are written on a printed form provided by the Clerk's Office for the filing of *pro se* actions pursuant to 42 U.S.C. §§ 1983 and 1985, appear to assert 42 U.S.C. § 1985 as a basis for the Court's jurisdiction. [Id.].

The Defendants filed Motions to Dismiss in both cases, arguing that a federal claim which stems from an alleged violation of Title VII cannot be litigated in a suit filed pursuant to 42 U.S.C. § 1985, and further, that the Complaint fails to state a cause of action under Title VII against them. [Civil Action No. 3:08cv586, Docs. 10, 11; Civil Action No. 3:08cv587, Docs. 9, 15]. In response, the Plaintiffs moved to amend their respective Complaints. [Civil Action No. 3:08cv586, Doc. 16; Civil Action No. 3:08cv587, Doc. 18].

On March 31, 2009, Plaintiff Monica Rankin's Motion to Amend was granted by the Honorable David C. Keesler, United States Magistrate Judge. [Civil Action No. 3:08cv587, Doc. 20]. Judge Keesler directed the Plaintiff to file her Amended Complaint on or before June 1, 2009. [Id.]. On April 13, 2009, the Honorable David S. Cayer, United States Magistrate Judge entered a Memorandum and Recommendation recommending that Plaintiff Logan Rankin's Motion to Amend be granted and that the Defendants' Motions to Dismiss be denied as moot without prejudice with leave to re-file the same once the Plaintiff's Amended Complaint was filed. [Civil Action No. 3:08cv586, Doc. 18].

On April 21, 2009, Plaintiff Logan Rankin, who is now represented by counsel, filed a Motion to Consolidate her action with her mother's, Civil

Action No. 3:08cv587. [Civil Action No. 3:08cv586, Doc. 19]. Plaintiff Monica Rankin filed a *pro se* motion also seeking consolidation on April 23, 2009. [Civil Action No. 3:08cv587, Doc. 22]. On May 12, 2009, the Honorable Robert J. Conrad, Jr., Chief United States District Judge, entered an Order adopting Judge Cayer's Memorandum and Recommendation and thus granting Plaintiff Logan Rankin's Motion to Amend and denying the Defendants' Motions to Dismiss as moot. The Plaintiff was directed to file an Amended Complaint on or before June 1, 2009. [Civil Action No. 3:08cv586, Doc. 20].

On May 18, 2009, Judge Conrad granted Plaintiff Logan Rankin's Motion to Consolidate, designating Civil Action No. 3:08cv586 as the lead case. [Civil Action No. 3:08cv586, Doc. 21]. The Motions to Dismiss that were pending in Plaintiff Monica Rankin's civil action were subsequently re-filed in the 3:08cv586 action. [Civil Action No. 3:08cv586, Docs. 22, 23]. These motions are now ripe for consideration.

**II. ANALYSIS**

The Motions to Dismiss that the Defendants filed seeking dismissal of Plaintiff Monica Rankin's Complaint are identical to the Motions to Dismiss that the Defendants filed with respect to Plaintiff Logan Rankin's Complaint.

4

In recommending that these latter motions be denied as moot, Judge Cayer reasoned as follows:

> [I]t is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. Accord Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) (amended pleading renders original pleading of no effect); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (defendants' earlier motions for more definite statement, to dismiss first amended complaint, and for summary judgment as to one count of first amended complaint rendered moot by filing of plaintiff's second amended complaint); and Turner v. Kight, 192 F.Supp.2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).
>
> Therefore, because the Plaintiff has been granted leave to file an Amended Complaint which will supersede the present Complaint, the undersigned will respectfully recommend that the Defendants' Motions to Dismiss that pleading be denied as moot.

[Civil Action No. 3:08cv586, Doc. 18 at 3-4]. Judge Cayer's reasoning is equally applicable to the instant Motions. Because Plaintiff Monica Rankin has been granted leave to file an Amended Complaint, and such Amended Complaint will supersede the Complaint that is the object of the Defendants' Motions to Dismiss, such motions should be denied as moot.

5

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion of Defendant Advanced Employment Services, Inc. for Dismissal [Doc. 22] and the Motion to Dismiss of Defendants Nish Patel and Nirmal, Inc. to Dismiss Plaintiff's Complaint [Doc. 23] are **DENIED AS MOOT WITHOUT PREJUDICE** as to the Defendants' right to raise the same or any other issues asserted therein in a dispositive motion against Plaintiff Monica Rankin's Amended Complaint.

**IT IS SO ORDERED.**

Signed: May 21, 2009

Martin Reidinger
United States District Judge