IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:08cv586
CONSOLIDATED -- LEAD CASE

| | |
|---|---|
| LOGAN M. RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ADVANCED EMPLOYMENT ) | |
| SERVICES, INC.; NIRMAL, INC., ) | |
| d/b/a GLOBAL BUILDING COMPANY; ) | |
| TERRY R. AMES; RIVERSIDE ) | |
| HOTEL, LLC; and BEACON IMG, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | **O R D E R** |
| _____ ) | |
| ) | |
| MONICA RANKIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ADVANCED EMPLOYMENT ) | |
| SERVICES, INC.; NIRMAL, INC., ) | |
| d/b/a GLOBAL BUILDING COMPANY; ) | |
| TERRY R. AMES; RIVERSIDE ) | |
| HOTEL, LLC; and BEACON IMG, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Motion of Defendant Advanced Employment Services, Inc. to Set Aside Entry of Default [Doc. 42].

I.  PROCEDURAL BACKGROUND

The Plaintiffs, who are mother and daughter, filed nearly identical *pro se* actions on December 19, 2008 against the Defendants Advanced Employment Services, Inc. ("Advanced") and Nirmal, Inc., d/b/a Global Construction, Inc. ("Nirmal"), alleging claims of sexual harassment.[1] [No. 3:08cv586, Doc. 1; No. 3:08cv587, Doc. 1]. In February 2009, Advanced appeared in both actions through attorney Charles Oldham and moved to dismiss both Complaints. [Doc. 10, 22].[2]

On March 5, 2009, the Plaintiff Logan Rankin, now represented by counsel, filed a response to Advanced's Motion to Dismiss and moved to amend her Complaint. [Doc. 15]. On April 13, 2009, the Honorable David S. Cayer, United States Magistrate Judge, entered a Memorandum and Order and Recommendation, granting Logan Rankin leave to amend her Complaint

---

[1] The Plaintiffs also named Nish Patel as a defendant; however, Patel was dismissed by stipulation on May 29, 2009. [Doc. 26].

[2] Unless otherwise specified, references to docket numbers are to the pleadings as filed in the lead case, No. 3:08cv586.

2

and recommending that Advanced's Motion to Dismiss be denied as moot. [Doc. 18]. On May 12, 2009, the Honorable Robert J. Conrad, Jr., Chief United States District Judge, adopted the Magistrate Judge's Recommendation and denied Advanced's Motion to Dismiss. [Doc. 20]. The Plaintiff was directed to file her Amended Complaint on or before June 1, 2009. [Id.].

Similarly, on March 31, 2009, the Honorable David C. Keesler, United States Magistrate Judge, entered an Order allowing Monica Rankin to amend her Complaint and directing her to file an Amended Complaint on or before June 1, 2009. [No. 3:08cv587, Doc. 20]. Consequently, Advanced's Motion to Dismiss the Complaint filed by Monica Rankin was also denied as moot. [Doc. 24].

On May 18, 2009, the actions filed by Logan Rankin and Monica Rankin were consolidated and reassigned to the undersigned. [Doc. 21]. On May 29, 2009, the Plaintiffs filed a Joint Amended Complaint against Advanced and Nirmal, adding Terry R. Ames ("Ames"), Riverside Hotel, LLC ("Riverside"), and Beacon IMG, Inc. ("Beacon") as defendants. [Doc. 27]. Notice of this filing was electronically served on Mr. Oldham, as counsel for Advanced. Defendants Nirmal, Riverside, and Beacon filed an Answer on

June 15, 2009. [Doc. 31]. Defendant Ames filed an Answer and Counterclaim on June 19, 2009. [Doc. 34]. Notice of these filings were electronically served on Mr. Oldham as well.

Advanced did not respond to the Amended Complaint, and on July 9, 2009, the Plaintiffs moved for an entry of default. [Doc. 37]. The Clerk entered default against Advanced on July 13, 2009. [Doc. 39]. On July 14, 2009, Advanced moved to set aside the entry of default. [Doc. 42]. The Plaintiffs filed their opposition to the Defendant's Motion on July 21, 2009. [Doc. 43]. Advanced filed a reply brief, supported by the affidavits of Mr. Oldham and Advanced's president, Fred Beaverson, on July 31, 2009. [Doc. 44].

## II. ANALYSIS

Rule 55(a) of the Federal Rules of Civil Procedure requires the Clerk of Court to enter default against a party who has failed to plead or otherwise defend an action. Fed. R. Civ. P. 55(a). An entry of default may be set aside upon a showing of good cause by the defaulting party. Fed. R. Civ. P. 55(c).

The Court has broad discretion in deciding whether to set aside an entry of default. Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.,

383 F.2d 249, 251 (4th Cir. 1967). As a general rule, "relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." United States v. Moradi, 673 F.2d 725, 727 (4th Cir. 1982). Additionally, the Court also should consider "the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 204-05 (4th Cir. 2006). The Fourth Circuit has cautioned that "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." Tolson v. Hodge, 411 F.2d 123, 130 (4th Cir. 1969).

In the present case, there can be little doubt that the Defendant acted with reasonable diligence in moving to set aside the entry of default, as the motion for relief was filed the day after the default was entered. Additionally, Advanced has tendered a meritorious defense of the Plaintiffs' action by way of both the proposed Answer and the Affidavit of Mr. Beaverson. [Docs. 42-2, 44-3]. In both of these pleadings, Advanced denies that the Plaintiffs reported the alleged harassment at the time and in the manner that the Plaintiffs claim,

and further denies that the Plaintiffs were ever penalized by the Defendant as alleged.  [Id.].  Additionally, Mr. Beaverson identifies other witnesses in his Affidavit who can offer testimony which, Advanced contends, will directly contradict the allegations made by the Plaintiffs.  [Doc. 44-3 at ¶¶ 7-11].  Accordingly, the Court finds that the Defendant has made a sufficient showing of a meritorious defense to justify setting aside the entry of default in this case.

Additional considerations also support granting the relief requested.  First, as Mr. Oldham asserts in his Affidavit, Advanced's failure to respond was due solely to counsel's negligence in failing to monitor his e-mail communications, and not due to any fault on the part of Advanced itself.  [Doc. 44-2 at ¶ 7].  The Court is mindful that "justice demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings."  Lolatchy v. Arthur Murray, Inc., 816 F.2d 951, 953 (4th Cir. 1987) (quoting Moradi, 673 F.2d at 728).  The Court also notes that there is no history of dilatory action on the part of Advanced in this case.  Further, the other Defendants have only recently filed their Answers, and the parties have not yet conducted their initial attorneys' conference or commenced with discovery.  As such, the Court finds

that the Plaintiffs would not be prejudiced if the entry of default against Advanced were set aside at this time.

To the extent that the Plaintiffs have been inconvenienced by incurring fees and expenses attendant to Advanced's delay in responding to the Amended Complaint, and as a sanction for Mr. Oldham's failure to file a timely response on behalf of his client, the Court will require Mr. Oldham to reimburse the Plaintiffs and their counsel for the reasonable attorney's fees incurred in the filing of the entry of default and in defending the present motion. See Lolatchy, 816 F.2d at 953 (finding the award of costs and fees related to the delay to be a more appropriate, less drastic sanction than entry of default).

Accordingly, **IT IS, THEREFORE, ORDERED** that the Motion of Defendant Advanced Employment Services, Inc. to Set Aside Entry of Default [Doc. 42] is **GRANTED**. The Defendant shall file its Answer to the Plaintiffs' Amended Complaint within five (5) days of the entry of this Order.

**IT IS FURTHER ORDERED** that attorney Charles Manly Oldham, III shall reimburse the Plaintiffs and their counsel for the reasonable attorney's fees incurred in filing the entry of default and in defending the Defendant's

motion to set aside said entry. Payment of such fees shall be made within thirty (30) days of the entry of this Order.

**IT IS FURTHER ORDERED** that, upon the filing of Advanced's Answer to the Amended Complaint, the parties shall conduct an Initial Attorneys' Conference within ten (10) days and file an appropriate certification thereof with the Court within five (5) days thereafter.

**IT IS SO ORDERED.**

Signed: August 5, 2009

Martin Reidinger
United States District Judge